UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,,<br><br>    Plaintiff,<br>  v.<br><br>VIPER CAPITAL MANAGEMENT, LLC, COMPASS FUND MANAGEMENT, LLC, and EDWARD SEWON EHEE,<br><br>    Defendants.<br>and<br><br>COMPASS WEST FUND, LP, VIPER FOUNDERS FUND, LP, VIPER INVESTMENTS, LP, ALBERT EHEE, ROBERT EHEE, JENNIFER EHEE,<br>    Relief Defendants. | **No. C06-6966 SI (DM)(BZ)**<br><br>**AND RELATED CASES** |
| In re: EDWARD SEWON EHEE,<br>    Debtor. | **No. C07-3996 SI (DM)(BZ)** |
| In re: COMPASS FUND MGMT., LLC,   Debtor. | **No. C07-3995 SI (DM)(BZ)** |
| In re: COMPASS WEST FUND, L.P.,   Debtor. | **No. C07-3997 SI (DM)(BZ)** |
| AAG ROOSEVELT FUND, L.P.,<br><br>    Plaintiff,<br>v.<br><br>EDWARD SEWON EHEE, COMPASS FUND MGMT., LLC, COMPASS WEST FUND, LP, VIPER CAPITAL MGMT., LLC, VIPER FOUNDERS FUND, LP, ROBERT EHEE, ALBERT EHEE, JENNIFER EHEE,<br><br>    Defendants. | **No. C06-7270 SI (DM)(BZ)** |

| | |
|---|---|
| KEVIN BRADFORD and RICHARD GARMAN, <br> Plaintiffs, <br> v. <br> EDWARD SEWON EHEE, VIPER CAPITAL MGMT., LLC, COMPASS FUND MGMT., LLC, ROBERT EHEE, ALBERT EHEE, JENNIFER EHEE, <br> Defendants. | **No. C07-4747 SI (DM)(BZ)** <br><br> **ORDER SCHEDULING SETTLEMENT CONFERENCE** |

The above matter was referred to Bankruptcy Judge Dennis Montali and Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Monday, January 28, 2008, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  The settlement conference will not be postponed absent leave of the settlement judges.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

Lead trial counsel shall appear at the Settlement Conference with the parties.  Any party who is not a natural person shall be represented by the person or persons with **full** authority to negotiate a settlement.  A person who needs to call another person not present before accepting, rejecting or making any settlement offer does not have full authority.  If a party is a governmental entity, its governing body shall

designate one of its members or a senior executive to appear at the Settlement Conference with authority to participate in the Settlement Conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval.  An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.  The Court shall be notified immediately if the carrier declines to attend.  Personal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged no later than **January 7, 2008**.

Each party shall prepare a Settlement Conference Statement, which must be served on opposing counsel and lodged (not faxed) with both settlement judges' chambers no later than seven calendar days prior to the conference.  Judge Montali's chambers are at 235 Pine Street, 22nd Floor, San Francisco, CA 94104 (mailing address: P.O. Box 7341, San Francisco, CA 94120).  The Statement shall **not** be filed with the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits on which the party relies **shall** be highlighted.  The Settlement Conference Statement shall not exceed ten pages of text and twenty pages of exhibits and shall include the following:

1.  A brief statement of the facts of the case.
2.  A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon

which the claims are founded.

    3.    A summary of the proceedings to date and any pending motions.

    4.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    5.    For any party seeking relief, a description of the relief sought, including an itemization of damages.

    6.    Any presently scheduled dates for a further status conference, pretrial conference, or for trial.

    7.    A copy of any governing contracts or other documents which are central to the case.

    8.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions. Counsel should be prepared to present orally to the settlement judges a forthright evaluation of the likelihood of prevailing on claims and defenses. The settlement judges' time can best be used to assist the parties in completing their negotiations, not in starting them. Accordingly, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference. If plaintiff seeks attorney's fees and costs, plaintiff's counsel shall either include the fee claim in the demand or make a separate, simultaneous demand for fees and costs. Counsel shall be prepared at the conference to provide sufficient information to defendant to enable the fee claim to be evaluated for purposes of settlement. The parties are urged to carefully evaluate their case before taking a

4

1 settlement position since extreme positions hinder the
2 settlement process.
3     Along with the Settlement Conference Statement each
4 party shall lodge with each settlement judge a document of no
5 more than three pages containing a **candid** evaluation of the
6 parties' likelihood of prevailing on the claims and defenses,
7 and any other information that party wishes not to share with
8 opposing counsel.  The more candid the parties are, the more
9 productive the conference will be.  This document shall not be
10 served on opposing counsel.
11     The settlement conference will not conclude absent leave
12 of the settlement judge, who may continue the conference from
13 time to time at the judge's discretion.  The settlement judge
14 may issue any order deemed appropriate to facilitate
15 settlement or the expeditious resolution of the dispute.
16 **Parties and their counsel should be prepared to remain beyond**
17 **normal business hours if necessary; travel arrangements should**
18 **be flexible and alternative arrangements should be made for**
19 **routine personal and family commitments.**
20     Parties are encouraged to participate and frankly discuss
21 their case.  Statements they make during the conference will
22 not be admissible at trial in the event the case does not
23 settle.  The parties should be prepared to discuss such issues
24 as:
25     1. Their settlement objectives.
26     2. Any impediments to settlement they perceive.
27     3. Whether they have enough information to discuss
28 settlement.  If not, what additional information is needed.

5

1        4. The possibility of a creative resolution of the
2   dispute.
3        The parties shall notify Magistrate Judge Zimmerman's and
4   Bankruptcy Judge Montali's chambers immediately if these cases
5   settle prior to the date set for settlement conference.
6   Counsel shall provide a copy of this order to each party who
7   will participate in the conference.
8        Failure to comply with the terms and spirit of this order
9   may lead to the imposition of sanctions under Bankruptcy Rule
10  7016 and Fed.R.Civ.P 16(f).
11       Plaintiffs are directed to assure that all defendants in
12  their case are notified of this conference.
13  DATED: December 19, 2007

                                    _____
                                         Bernard Zimmerman
                                    United States Bankruptcy Judge

6